**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT**

| | | |
|---|---|---|
| ARGENTRY MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 09 C 5874 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| OFFICE OF THE CHIEF JUDGE OF | ) | |
| THE CIRCUIT COURT OF COOK | ) | |
| COUNTY, ILLINOIS, MICHAEL J. | ) | |
| ROHAN, DIRECTOR OF PROBATION | ) | |
| AND COURT SERVICES, in his official | ) | |
| capacity, WILLIAM PATTERSON, | ) | |
| DEPUTY CHIEF PROBATION | ) | |
| OFFICER, in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In his third amended complaint, plaintiff alleges that the Chief Judge of the Circuit Court of Cook County ("Chief Judge") and Michael Rohan and William Patterson, in their official capacities as Director of Probation and Court Services and Deputy Chief Probation Officer, respectively, violated Title VII by suspending him without pay because of his race. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the complaint. For the reason set forth in this Order, the Court grants the motion.

## Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The claims against the individual defendants, who are sued only in their official capacities, and the claim against the Chief Judge are, in reality, claims against the state of Illinois. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (stating that official capacity suits against government employees are really claims against the entity that employs them); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (holding that there is no individual liability under Title VII); *Orenic v. Ill. State Labor Relations Bd.*, 537 N.E.2d 784, 795 (Ill. 1989) (holding that "the State, not a county, is the sole employer of all court employees"); *see Robinson v. Sappington*, 351 F.3d 317, 339-40 (7th Cir. 2003) (noting that judges are employed by the state). States are among the employers subject to Title VII. 42 U.S.C. § 2000e(b) (exempting only the federal government and bona fide private membership clubs from the definition of employer).

However, Title VII requires plaintiffs to file suit within ninety days of their receipt of a Right to Sue Notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Plaintiff's original complaint, which he filed within the ninety-day period, named another state actor, the Circuit Court of Cook County, as the only defendant. ILL. CONST. art. VI, § 1 ("The judicial power is vested in a Supreme Court, an Appellate Court and Circuits Courts."); (*see* Third Am. Compl., Ex. B, Right to Sue Notice of 6/22/09). But plaintiff never served that complaint. Rather, on December 1, 2009, he filed a first amended complaint that named only Cook County as a defendant. Counties, unlike circuit courts, are not state actors. *Mt. Healthy City Sch. Dist Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) (stating that the Eleventh Amendment does not apply to counties); 55 Ill. Comp. Stat 5/1-6004 ("[W]hen judgment is entered against a county, the county board shall direct an order to be drawn

2

on the county treasurer for the amount of the judgment and costs, which orders shall be paid as other county debts."). Thus, the suit against Cook County was not equivalent to suing the state of Illinois.

Plaintiff does not dispute this chronology but contends that his current claims relate back to his claims against the County. An amended pleading relates back to an earlier one only if, among other things, plaintiff made "a mistake concerning the proper party's identity" and the proper party had timely notice of the suit. Fed. R. Civ. P. 15(c)(1). A mistake is made, in this context, when a plaintiff determines who the proper defendant is and serves or otherwise notifies him of the suit but incorrectly identifies him, *e.g.*, John Smith for John Schmidt, in the complaint. *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006). A mistake is not, as in this case, "ignorance or misunderstanding about who is liable for [plaintiff's] injury." *Id.*

Moreover, even if plaintiff's claims related back to the first amended complaint, they would still be untimely. Plaintiff filed the first amended complaint more than five months after receiving the Right to Sue Notice and, as evidenced by his timely filing of the initial complaint, no tolling doctrine applies. *See Cada v. Baxter Healthcare Corp.*, 920 F.3d 446, 450-51 (7th Cir. 1990) (stating that "equitable estoppel . . . comes into play if the defendant takes active steps to prevent the plaintiff from suing in time" and equitable tolling applies if "despite all due diligence [plaintiff] is unable to obtain vital information bearing on the existence of his claim"). Thus, Rule 15(c) would not save plaintiff's claims, even if it applied.

## Conclusion

For the reasons set forth above, the Court grants defendants' motion to dismiss [doc. no. 35], dismisses the third amended complaint with prejudice and terminates this case.

**SO ORDERED.**                                 **ENTERED: November 9, 2010**

*/s/ Ronald A. Guzman*
_____
**HON. RONALD A. GUZMAN**
**United States District Judge**